# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4197

_____

United States of America,           *
                               *
          Appellee,        *
                               *   Appeal from the United States
     v.                   *   District Court for the
                               *   Southern District of Iowa.
Duane Bradley McCoy,       *
                               *
          Appellant.       *

_____

Submitted: April 13, 2007
Filed: April 20, 2007

_____

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Duane Bradley McCoy entered a conditional guilty plea to a charge of possessing child pornography, 18 U.S.C. § 2252(a)(4)(B) (2000). After sentencing, he filed this appeal, challenging the order of the District Court[1] denying his motion to suppress. We affirm.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa. Judge Pratt now serves as Chief Judge for the Southern District of Iowa.

On January 14, 2004, Detective Randy Hutchinson of the Albia, Iowa, police department was contacted by a day-care provider who reported the alleged sexual abuse of a four-year-old girl by McCoy, the live-in boyfriend of the girl's mother. An employee of the Iowa Department of Human Services, the Albia police chief, and Hutchinson went to the mother's residence. The child, her mother, and McCoy were all interviewed, and ultimately McCoy was arrested for sexually assaulting the child. When McCoy declined a request to search his laptop computer, the police chief took custody of the computer. The next day, Hutchinson secured a warrant, authorized by a state magistrate judge, to search McCoy's computer and his car. The child pornography that was the subject of the charge to which McCoy pleaded guilty was found during a forensic investigation of the computer.

McCoy first challenges the District Court's conclusion that the search of his computer was supported by probable cause. We review the court's legal conclusion de novo and any supporting factual findings for clear error. United States v. Gettel, 474 F.3d 1081, 1085–86 (8th Cir. 2007). On review, we consider the totality of the circumstances "to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238–39 (1983) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

By definition, probable cause "deals 'with probabilities. These are . . . the factual and practical considerations of everyday life on which reasonable and prudent men . . . act.'" Id. at 241 (quoting Brinegar v. United States, 338 U.S. 160, 175 (1949)) (alterations by this Court). Hutchinson's sworn application for the search warrant set out in detail the accusations of the four-year-old alleged victim of McCoy's sexual abuse. The application also noted that McCoy's girlfriend had told Hutchinson that McCoy had a pornographic CD-ROM whose title—"Teen Tryouts, Audition 2"—indicated that underage persons may have been involved. Moreover, Hutchinson averred that after an initial denial, McCoy admitted that indeed there was "old pornography" on his computer. Search Warrant Application at 3, Attachment A.

Taken together, we conclude that these facts—alleged sexual abuse of a toddler, possession of pornography likely involving minors, and pornography admittedly on McCoy's computer—establish probable cause to search the computer for pornography involving children. Based on the information in Hutchinson's warrant application, the magistrate made a "practical, common-sense decision" that there was a "fair probability" that evidence of a crime (possession of child pornography) would be found on McCoy's computer. <u>Gates</u>, 462 U.S. at 238.

As for the search of McCoy's car, the warrant application did not provide any additional facts to support a finding of probable cause to search the vehicle specifically. That is, nothing was set out to indicate why Hutchinson thought there was a fair probability he would find child pornography in a search of McCoy's car.[2] The District Court determined that the warrant application did not establish probable cause to search the vehicle. But the court decided that the good-faith exception to the Fourth Amendment exclusionary rule applied in this case. <u>United States v. Leon</u>, 468 U.S. 897 (1984) (setting out the exception). That is, "Hutchinson acted reasonably in relying on the state magistrate's determination that [McCoy's] vehicle, in fair probability, would provide contraband or evidence of illegal activity." Mem. Op. & Order of Oct. 26, 2004, at 11. On appeal, McCoy argues that Hutchinson did not act in good faith. We review the District Court's application of the <u>Leon</u> exception de novo. <u>See</u> <u>United States v. Hallam</u>, 407 F.3d 942, 945 (8th Cir. 2005).

---

[2]According to the District Court, the items retrieved from the car included "a pair of female toddler underwear, nude images of female adults, and a three-bladed knife." Mem. Op. & Order of Oct. 26, 2004, at 7. It seems unlikely that any of these items would be used as evidence to prove that McCoy possessed child pornography, especially since the authorities found actual child pornography on his computer. But McCoy sought suppression in the District Court, and he appeals that court's denial, so we will decide the issue.

It is clear from the evidence presented at the suppression hearing that the state magistrate, when authorizing the warrant, was not acting as a "rubber stamp" for Hutchinson in his quest to search the car. Leon, 468 U.S. at 914 (quoting Aguilar v. Texas, 378 U.S. 108, 111 (1964)). The magistrate sought additional information, questioning Hutchinson about the basis for his interest in searching McCoy's vehicle. Hutchinson disclosed to the magistrate in conversation that he wanted to search the car because he had seen that McCoy had an unusual amount of personal property in the car and because McCoy kept the vehicle locked, not allowing access to anyone else. Because there is no indication in the record that Hutchinson conveyed this additional information to the state magistrate judge under oath, we agree that the warrant application did not establish probable cause to search McCoy's car. Cf. United States v. Olvey, 437 F.3d 804, 807 (8th Cir. 2006) (noting that probable cause must be determined from the warrant affidavit alone if there is no evidentiary hearing before the issuing magistrate). Nevertheless, we conclude that Hutchinson acted in good faith in executing the warrant based on the magistrate's approval. Hutchinson was aware that the magistrate knew the precise reasons that Hutchinson thought he might find evidence in the car. He was fully justified in believing that the magistrate relied on that additional information—which Hutchinson believed to be true even if he did not testify to it under oath—when authorizing the warrant. We hold that conducting the search in reliance on the warrant was "objectively reasonable" and that the Leon exception therefore applies. Leon, 468 U.S. at 919.

The District Court's denial of McCoy's motion to suppress is affirmed.

_____

-4-